IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Garrin David Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>County of Greenville,<br>United States,<br><br>    Defendants. | Civil Action No. 6:18-1744-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff, Garrin David Smith, has filed this civil action *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. After a review of the complaint, attachments, and applicable law, this Court recommends that this action should be summarily dismissed.

## BACKGROUND

  The plaintiff is a former federal prisoner. The undersigned takes judicial notice of its own records[1] which reveal that on September 3, 2004, the plaintiff pled guilty to possession with intent to distribute methamphetamine and conspiracy in the United States District Court for the District of South Carolina. *United States v. Smith*, Cr. No. 6:04-00466 (doc. 33). He received a sentence of 135 months in prison, followed by five years of supervised release (doc. 48). No direct appeal was immediately taken. A timely *pro se* motion pursuant to 28 U.S.C. § 2255 was filed, and a belated direct appeal was granted when the Court vacated and then re-entered the conviction and sentence so as to permit

---

[1] *United States v. Spencer*, Cr. No. 2:11-30-RBS-FBS-1 (E.D. Va. May 3, 2011) (ECF Nos. 37, 38); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

the filing of a timely appeal. *Smith v United States*, C.A. No. 6:05-2932 (doc. 6). That decision by this Court, which was based on a claim of ineffective assistance of counsel, was affirmed as modified on October 12, 2006.[2] The Court of Appeals affirmed his sentence. *United States v. Smith,* 205 Fed. App'x 156 (4th Cir Oct. 12, 2006)(No. 06-6175). The plaintiff's conviction and sentence were affirmed on October 31, 2006. *United States v. Smith*, 204 Fed. App'x 298 (4th Cir. Oct. 31, 2006) (No. 06-4103). Thereafter the plaintiff filed three separate civil actions in this court challenging his federal conviction and sentence, all without success.[3]

The plaintiff's current complaint indicates on its face that it is filed pursuant to the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2401 and 2680[4] and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (doc. 1 at 7).[5] The plaintiff seeks to hold the United States and the County of Greenville liable for monetary damages for his alleged "false arrest" and "false imprisonment" on the federal charges to which he pled guilty in 2005 (doc. 1 at 2). He contends that Greenville County, through its officers or agents, violated his Fourth amendment rights when he was arrested without probable cause. He also appears to allege that Greenville County and the United States violated his due process rights under the Fourteenth Amendment when he was arrested and subsequently incarcerated pursuant to an alleged invalid warrant. The plaintiff

---

[2] The sentencing issues raised in the plaintiff's § 2255 motion had been dismissed by this Court. The Fourth Circuit Court of Appeals directed that said dismissal was "without prejudice" so as to allow the plaintiff to raise them in his direct appeal.

[3] *Smith v. United States*, C.A. No. 6:07-1793-GRA (filed June 28, 2007)(mandamus); *Smith v. Brown et al.*, C.A. No. 6:09-2903-JFA (filed Nov. 13, 2009) (*Bivens*); *Smith v. County of Greenville*, C.A. No. 6:09-2961-JFA (filed Nov. 18, 2009) (1983) (voluntary dismissal).

[4] The plaintiff sets forth in his "Motion of Facts" that he filed an Administrative Claim on December 15, 2017, but that no action has been taken on his claim (doc.1 at 7).

[5] In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982).

2

does not name any persons as defendants and the claims he makes against the named defendants are conclusory.

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis statute*. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## **DISCUSSION**

In this matter, the plaintiff's claims for damages, allegedly arising from his "false arrest" and "false imprisonment" in connection with his federal conviction, should be dismissed because the plaintiff does not assert that his criminal conviction has been invalidated. Such a cause of action does not accrue until the underlying conviction has been invalidated, for example, by a state or a federal court's favorable decision on an appeal or issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994),

the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) *and Farmer v. Brennan*, 511 U.S. 825 (1994) (a *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa).

The *Heck* prohibition applies to other types of claims and not exclusively to causes of action under § 1983 or *Bivens*. For example, several federal courts have held that the *Heck* doctrine bars claims brought under the FTCA for false imprisonment, malicious prosecution, and/or malpractice of federal employees in connection with a federal criminal trial. *See, e.g., Parris v. United States*, 45 F.3d 383, 385 (10th Cir.1995) ("FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."); *Echols v. Dwyer*, 914 F. Supp. 325, 327 (E.D. Mo.1996) (no FTCA claim for legal malpractice against federal public defender, holding "that an action under the FTCA is not cognizable when it calls into question the validity of a prior conviction"); *Bradshaw v. Jayaraman*, 205 F.3d 1339 (Table), No. 98–6710, 1999 WL 1206870, at *2 (6th Cir. Dec. 9, 1999) (no FTCA legal malpractice action against appointed criminal defense attorney, two law firm employees, and court reporter; "[t]he holding in *Heck* bars such actions, whether brought under *Bivens*, or the FTCA."); *Rashid v. Monteverde & Hemphill*, 1997 WL 360922,

4

at * 7n. 15 (E.D. Pa.1997) (applying *Heck* to FTCA claims involving false arrest, false imprisonment and malicious prosecution).

Here, a favorable determination on the merits of the plaintiff's claims in this FTCA/*Bivens* action would imply that the plaintiff's federal drug conviction was invalid because of the defendants' actions. Therefore, because the plaintiff does not allege, and court records do not show, that he successfully challenged the lawfulness of his federal conviction, his claim that his constitutional rights were violated during that case should be dismissed because a right of action has not accrued.

## **RECOMMENDATION**

Based on the foregoing, the plaintiff's complaint is subject to dismissal as it fails to state a claim upon which relief may be granted against the defendants. The undersigned is of the opinion that the plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066 (4th Cir. 1993). Accordingly, the undersigned recommends that the district court decline to automatically give the plaintiff leave to amend, and to dismiss this action *without prejudice* and without issuance and service of process.

                                                   s/Kevin F. McDonald
                                                   United States Magistrate Judge

July 2 , 2018
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).